# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| WILLIAM and ARLENE HEIN,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, DEPARTMENT OF THE INTERIOR, STATE OF MONTANA, and all other persons, unknown, claiming or who might claim any right, title, estate or interest in or lien or encumbrance upon the real property described in the complaint adverse to Plaintiffs' ownership or any cloud upon Plaintiffs' title, whether the claim or possible claim is present or contingent,<br><br>Respondents. | CV 14-55-BLG-SPW-CSO<br><br>**FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Plaintiffs William and Arlene Hein ("the Heins") filed seek to quiet title to certain land. *Cmplt. to Quiet Title (ECF 1).*[1] Now pending are: (1) the State of Montana's ("Montana") motion to dismiss *(ECF 6)*; and (2) the Heins' motion to certify a question of state law *(ECF 14).*

---

[1] "ECF" refers to the document as numbered in the Court's Electronic Case Files. *See The Bluebook, A Uniform System of Citation, § 10.8.3.*

## I. BACKGROUND

The Heins filed this action seeking to quiet title to certain land along the Yellowstone River and Arrow Creek. *ECF 1 at 5-7*. They assert that "[t]he specific dispute involves the interpretation of meander lines and whether Plaintiffs' property rights extend to the high water mark or the low water mark of the Yellowstone River, as well as whether said rights extend as far as the center of Arrow Creek." *Heins' Resp. Br. (ECF 13) at 2*. Respecting Montana's interest in this action, the parties note that this case may involve adjudication of possible post-statehood island formation and the location and ownership of the Yellowstone River bed. *Montana's Opening Br. (ECF 7) at 3; ECF 13 at 2*.

## II. PARTIES' ARGUMENTS

Montana seeks dismissal of the Heins' quiet title action against it under Rules 12(b)(1) and (2)[2] claiming lack of subject-matter jurisdiction and lack of personal jurisdiction, respectively. *ECF 6 at 2*. As its principal argument, Montana claims that it is immune from suit under the Eleventh Amendment to the U.S. Constitution. *ECF 7 at 2-4*.

---

[2]References to rules are to the Federal Rules of Civil Procedure unless otherwise indicated.

The Heins respond in two ways. First, they argue that Article II, Section 18, of Montana's Constitution "provides an unrestricted waiver of sovereign immunity" by Montana. *ECF 13 at 6*. They argue that, although the Ninth Circuit has concluded that Article II, Section 18, is "only intended to be a waiver of sovereign immunity from suit in state court, there is nothing in the language of Article II, Section 18 or the discussions of the 1972 Montana Constitutional Convention that indicate[s] such a limitation was contemplated." *Id. at 5*. And, they argue, the Montana Supreme Court in *Noll v. Bozeman*, 534 P.2d 880, 882 (Mont. 1975), "found Article II, Section 18 to be sweeping in its effect." *Id*. Thus, the Heins maintain, this Court should "reconsider the prior holdings on this issue and certify this question of law to the Montana Supreme Court for determination." *Id. at 6*.

Second, the Heins responded to Montana's motion by filing a "motion for certification of question of state law." *Mtn. for Certification (ECF 14)*. They argue that although "there is Ninth Circuit precedence on the scope of Montana's waiver of sovereign immunity, as stated in Article II, Section 18 of the 1972 Montana Constitution, no court of the State of Montana has considered the issue." *Heins' Cert. Br. (ECF 15)*

*at 2*. Because the issue involves a provision of the Montana Constitution, the Heins argue, the Montana Supreme Court should be given the opportunity to determine its meaning. *Id. at 3*.

Montana responds that it has not waived its Eleventh Amendment immunity. *Montana's Combined Reply and Resp. Br. (ECF 18) at 2-3*. Montana further argues that the Heins: (1) have failed to cite a Montana statute or constitutional provision that acts as an express waiver of Eleventh Amendment immunity, *id. at 5*; (2) do not argue congressional abrogation of Eleventh Amendment immunity, *id.*; and (3) concede that the *Ex parte Young* doctrine, which renders immunity unavailable in instances in which a party seeks injunctive relief against any state official for violating federal law, is not applicable to this action, *id*. Thus, Montana argues, it is immune and the Heins' action against it should be dismissed.

### III. <u>DISCUSSION</u>

The Eleventh Amendment to the U.S. Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. The Eleventh Amendment has been construed to bar suits against a state by its own citizens as well. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (noting that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state.").

Whether Eleventh Amendment immunity applies is a question of law for courts to decide. *Id*. at n.4 (citation omitted). The Ninth Circuit has emphasized that "[t]he Eleventh Amendment has been authoritatively construed to deprive federal courts of jurisdiction over suits by private parties against unconsenting States." *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 952 (9th Cir. 2008) (citing *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996)). A federal court may exercise jurisdiction over such a suit, however, if: (1) the state waives its immunity and consents to be sued in federal court, *Virginia Office for Protection and Advocacy v. Stewart*, 131 S.Ct. 1632, 1638 (2011) (*citing College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd.*, 527 U.S. 666, 675-76 (1999)); (2) Congress expressly abrogates the state's sovereign immunity by statute, *id*. (footnote with citations

omitted); or (3) the *Ex parte Young*[3] doctrine applies, *id*.

Here, the Heins concede that the *Ex parte Young* doctrine does not apply. *ECF 13 at 6*. Also, the Heins have neither argued nor cited authority to demonstrate that Congress has abrogated Montana's immunity under the circumstances that this case presents. Thus, the only issue before the Court is whether Montana has waived its immunity and consented to be sued in federal court. As discussed below, the Court concludes that it has not.

Art. II, Section 18, states: "The state, counties, cities, towns, and all other local government entities shall have no immunity from suit for injury or property ...." Mont. Const. Art. II, § 18. The Heins acknowledge that the Ninth Circuit already concluded in *Montana v. Peretti*, 661 F.2d 756, 758 (9th Cir. 1981), that Article II, Section 18, does not meet the standard for waiver of immunity. But they argue that nothing in the provision's language or in the discussions of the 1972 Constitutional Convention support *Peretti's* conclusion. *ECF 13 at 5*. The Court is not persuaded.

The United States Supreme Court has stated:

---

[3] 209 U.S. 123, 159-60 (1908)

> We have long recognized that a State's sovereign immunity is a personal privilege which it may waive at pleasure. The decision to waive that immunity, however, is altogether voluntary on the part of the sovereignty. Accordingly, our test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one. Generally, we will find a waiver either if the State voluntarily invokes our jurisdiction, or else if the State makes a clear declaration that it intends to submit itself to our jurisdiction. Thus, a State does not consent to suit in federal court merely by consenting to suit in the courts of its own creation. Nor does it consent to suit in federal court merely by stating its intention to sue and be sued, or even by authorizing suits against it in any court of competent jurisdiction. We have even held that a State may, absent any contractual commitment to the contrary, alter the conditions of its waiver and apply those changes to a pending suit.

*College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675-76 (1999) (citations and internal quotations omitted).

Here, Montana has not voluntarily invoked federal jurisdiction. Nor has Montana made a "clear declaration that it intends to submit itself to [federal] jurisdiction." *Id*. As the Heins concede, the Ninth Circuit in *Peretti* rejected the argument that Art. II, Section 18, of Montana's Constitution operates as a waiver of Montana's sovereign immunity. The court stated that Art. II, Section 18's "waiver does not explicitly extend to suits in federal court." *Peretti*, 661 F.2d at 758. Relying on U.S. Supreme Court cases, the Ninth Circuit noted in *Peretti*

that waiver of sovereign immunity will be found "only where stated by the most express language or by such overwhelming implications from text as (will) leave no room for any other reasonable construction." *Id*. (citations omitted). The court then concluded that Art. II, Section 18's language does not meet this standard. *Id*. Courts in this District have so applied *Peretti*. *See, e.g., Klepper v. Montana Dept. of Transp.,* 2011 WL 6122748 *1 (D. Mont.).

In light of the clear and controlling Ninth Circuit authority, this Court also concludes that Montana is immune from suit under the Eleventh Amendment. The Court, therefore, declines the Heins' invitation to certify this question of law to the Montana Supreme Court.

## IV. <u>CONCLUSION</u>

Based on the foregoing, IT IS RECOMMENDED that: (1) Montana's motion to dismiss *(ECF 6)* be GRANTED; and (2) the Heins' "motion for certification of question of state law" *(ECF 14)* be DENIED.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that

pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived.

DATED this 4th day of December, 2014.

**/s/ Carolyn S. Ostby**
United States Magistrate Judge