IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



| | |
|---|---|
| ARLENE HEIN and ESTATE OF WILLIAM HEIN,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, DEPARTMENT OF THE INTERIOR, and all other Persons, unknown, claiming or who might claim any right, title, estate, or interest in or lien or encumbrance upon the real property described in the complaint adverse to Plaintiff's title, whether the claim or possible claim is present or contingent,<br><br>Respondents. | CV 14-55-BLG-SPW<br><br>ORDER ADOPTING MAGISTRATE'S FINDINGS AND RECOMMENDATIONS |

Before the Court are United States Magistrate Judge Timothy Cavan's findings and recommendations filed on July 14, 2017. (Doc. 67). Judge Cavan recommends that this Court grant Respondent United States' motion for summary judgment (Doc. 56). Plaintiffs Arlene Hein and Estate of William Hein (the Heins) filed timely objections to the findings and recommendations. The Heins are entitled to de novo review of those portions of Judge's Cavan's findings and recommendations to which they properly object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

1

The Heins raise two objections to Judge Cavan's findings and recommendations. First, the Heins argue Judge Cavan misconstrued the Ninth Circuit's holding in *Fidelity Exploration and Production Co. v. United States*, 506 F.3d 1182 (9th Cir. 2007). (Doc. 68 at 6). Second, the Heins argue the United States' claim was too vague or ambiguous to constitute notice. (Doc. 68 at 8).

Regarding the first objection, the Heins argue *Fidelity* "does not have a holding regarding when the statute of limitations began to run." (Doc. 68 at 6). The Court disagrees. *Fidelity* quite clearly states the statute of limitations began to run when the Northern Cheyenne Allotment Act of 1926 was enacted. The first paragraph of *Fidelity* states "[w]e conclude that Fidelity's predecessor in interest knew, or should have known, of the claim of the United States no later than 1926, when an Act of Congress recognized the 'middle channel of the Tongue River' as the eastern boundary of the Northern Cheyenne Reservation." 506 F.3d at 1184. *Fidelity*'s final paragraph states "Fidelity does not dispute that Montana knew or should have known of the United States' claim to the western Tongue River bed at least as of 1926 when the Northern Cheyenne Allotment Act of 1926 was enacted. Consequently, the statute of limitations on Fidelity's claim has long since expired." 506 F.3d at 1186. The Heins' first objection is overruled.

Regarding the second objection, the Heins argue the statute of limitations "is not triggered when the United States' claim is ambiguous or vague," quoting

2

*Kingman Reef Atoll Investments, L.L.C. v. United States*, 541 F.3d 1189, 1198 (9th Cir. 2008) and citing *California v. Yuba Gold Fields, Inc.*, 752 F.2d 393, 397 (9th Cir. 1985). The Heins misquote *Kingman Reef*. What *Kingman Reef* actually states is "'[t]he government's claim need not be clear and unambiguous.'" 541 F.3d at 1198 (quoting *Spirit Lake Tribe v. North Dakota*, 262 F.3d 732, 738 (8th Cir. 2001)). In other words, the government's claim *can* be ambiguous or vague. *Kingman Reef*, 541 F.3d at 1198 ("a claim that creates even a cloud on" a plaintiff's ownership interest triggers statute of limitations). The Court agrees with Judge Cavan that under *Fidelity*, the Heins' claim is time barred because either they or their predecessors knew or should have known of the government's claim at the very latest in 1958 when Congress passed the Congressional Act that restored tribal ownership of vacant and undisposed-of ceded lands. The Heins' second objection is overruled. Accordingly,

IT IS HEREBY ORDERED that Judge Cavan's findings and recommendations (Doc. 67) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that the United States' motion for summary judgment (Doc. 56) is GRANTED to the extent it argues that the statute of limitations has expired.

DATED this 26th day of September, 2017.

/s/ Susan P. Watters
SUSAN P. WATTERS
United States District Judge